IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

REGINALD FULLARD,           )
                            )
            Plaintiff,      )
                            )
       v.                   )      1:18CV385
                            )
FRANK PERRY, et al.,        )
                            )
            Defendant(s).   )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. Plaintiff does not name proper defendants. Plaintiff must name the persons who are actually responsible for the alleged violations of his constitutional rights. Plaintiff does not explain how any of the Defendants named in the Complaint personally violated his rights.

2. Plaintiff does not appear to set out any claim for relief. All of his allegations are short and conclusory. They lack sufficient specifics for the Defendants or the Court to understand exactly what Plaintiff alleges. Further, Plaintiff seeks his release from custody, which is not a proper remedy under § 1983. Heck v. Humphrey, 512 U.S. 477 (1994). As the Court informed Plaintiff in the past, he would have to seek such relief, if at all, through a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Finally, it appears that all of Plaintiff's claims are likely barred by the applicable three-year statute of limitations. See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (holding that, in section 1983 actions, state statute of limitations for personal injury applies); Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996)

(applying North Carolina's three-year statute of limitations for personal injuries to section 1983 actions). However, Plaintiff's claims are so unclear that this cannot be established with certainty.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 22nd day of May, 2018.

_____
Joe L. Webster
United States Magistrate Judge